**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DION L. HOUGHTALING,

        Plaintiff,

v.                                  Case No. 8:03-CV-2733-T-30EAJ

RICARDO F. TIRADO-MONTES;
P. BAILEY; P. WAIT; ADVENTIST HEALTH
SYSTEM/SUNBELT INC. d/b/a FLORIDA
HOSPITAL; FLORIDA DEPARTMENT OF
CORRECTIONS,
ET AL.,

        Defendants.

_____/

<u>ORDER</u>

      This matter comes before the Court on Plaintiff's Motion to Compel Defendant

Adventist Health System/Sunbelt Inc. (hereinafter "Adventist") to produce the documents

identified in his November 2, 2004 Request for Production of Documents (Dkt. 56).  *See* Fed.

R. Civ. P. 37(a) and Local Rule 3.04 (M.D. Fla. 2004).  In his motion, Plaintiff argues that the

objections raised by Adventist in response to his document requests are unacceptable.

      In the amended complaint Plaintiff filed on September 21, 2004, he alleges that

Adventist breached the duty of care it owed him "by utilizing a known broken and or

malfunctioning ultrasound examination machine in the care or treatment or evaluation or

diagnosing of Plaintiff's condition thereby preventing Plaintiff from obtaining the information

necessary to allow him to consent to the course of treatment deemed prudent by his

attending physician" (Dkt. 31 ¶ 69).  Arguing that the complaint, at best, states a procedurally

barred cause of action for medical malpractice, which cannot support a cause of action under

42 U.S.C. § 1983, Adventist filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 33).  Finding that it appears from the pleadings that Adventist's motion has merit, the district court ordered Plaintiff to show cause why the motion should not be granted (Dkt. 58 at 1).  Plaintiff filed his response to the show cause order on April 8, 2005 (Dkt. 65).

It is well-settled that a district court has wide discretion in determining the scope and effect of discovery.  *Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991)*; Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 732 (11th Cir. 1984) (finding that a "district court can deny a motion to compel further discovery if it concludes that the questions are irrelevant").  While a pending dispositive motion is generally not sufficient good cause to warrant a delay in discovery, district courts do have broad inherent power to stay a matter until preliminary issues can be settled which may be dispositive of the case.  *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (finding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In the instant case, the scope of review for Adventist's motion to dismiss is limited to the four corners of the complaint and exhibits filed in support thereof. *See Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000); Rules 10(c) and 12(b)(6), Fed. R. Civ. P.   While there may be a dispute as to whether the alleged facts are the actual facts, in reviewing a motion to dismiss, the court is required to accept the allegations in the complaint as true. *See Wilson v. Strong,* 156 F.3d 1131, 1132 (11th Cir. 1998).

Where resolution of the dispositive motion will dispose of the entire case and the discovery requests do not relate to the issues raised therein, deferring ruling on a motion to

-2-

compel the production of documents pending a ruling on the dispositive motion is proper. *See Patterson v. United States Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990); *Citizens for a Better St. Clair County v. James*, 648 F.2d 246, 252 (5th Cir. 1981) (it is not error for a court to rule on a motion for summary judgment while discovery is still underway where "the question plainly is one of law, and discovery was unnecessary to its resolution"); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).   Having reviewed the amended complaint, the motion to compel, and Plaintiff's document requests, the Court finds that the discovery Plaintiff seeks in his motion to compel does not relate to the issues raised in the motion to dismiss.

Notably, Adventist's motion to dismiss was pending when Plaintiff filed his motion to compel, and he does not assert that the contested material is necessary for him to respond to the motion. Weighing the competing interests of the parties, the Court further finds that deferring a ruling on the motion to compel pending a resolution of the motion to dismiss will not work any real hardship on Plaintiff and best serves the interest of conserving judicial resources, as well as the parties' resources.   *See Aviation Specialties, Inc. v. United Technologies Corp.*, 568 F.2d 1186, 1190 (5th Cir. 1978)[1]   (finding that "[a] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited," the court held that "[w]hen the record becomes clear enough to disclose that further discovery is not needed to develop significant aspects of the case and that such discovery is not likely to produce a genuine issue of material fact, discovery should be ended" (citations omitted)). In the instant case, whether Plaintiff's complaint can survive Adventist's motion to dismiss is

---

[1]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

plainly a question of law, not fact. *See Citizens for a Better St. Clair County v. James*, 648 F.2d at 252.

ACCORDINGLY, the Court **ORDERS** that Plaintiff's Motion to Compel (Dkt. 56) is **DEFERRED** pending a resolution of Adventist's Motion to Dismiss.

**ORDERED** in Tampa, Florida, on April 20th, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

Copy to:

SA:jsh

All Parties of Record