UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DION L. HOUGHTALING,**

    **Plaintiff,**

v.                                                               Case No.  8:03-cv-2733-T-30EAJ

**RICARDO F. TIRADO-MONTES, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Adventist Health System/Sunbelt Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #70) and Plaintiff's Response thereto (Dkt. #73). Defendant Adventist Health System/Sunbelt Inc. ("Defendant") moves to dismiss Plaintiff's medical malpractice claim on statute of limitations grounds. For the reasons stated below, this Court finds that Defendant's motion should be GRANTED.

This Court previously addressed the application of the statute of limitations to Plaintiff's medical malpractice claim against Defendant in its Order dated March 10, 2005 (Dkt. #58). Since Plaintiff's cause of action arose out of medical treatment that Plaintiff received from Defendant between October 27, 1999, and November 1, 1999, and taking into account the automatic ninety (90) day extension of the two year statute of limitations Plaintiff procured pursuant to Florida Statute § 766.104(2), this Court reasoned that the statute of limitations on his claim expired on January 29, 2002. Because Plaintiff's action was not filed

by this date, this Court concluded that Plaintiff's claim against Defendant appeared to be subject to dismissal. Thereafter, Plaintiff requested and was granted leave to amend his Amended Complaint to demonstrate the timeliness of his medical malpractice claim. See Dkt. #67.

In response to Defendant's Motion, Plaintiff does not contend that his action was filed prior to the end of January 2002. Instead, Plaintiff argues that his medical malpractice claim was timely filed because Defendant's failure to provide him with his medical records prevented him from discovering "the nature of his injury," which Plaintiff characterizes as "latent and inherently unknowable." According to Plaintiff, this failure extended the statute of limitations to January 30, 2004. See Plaintiff's Response, Dkt. #73, p. 2. Plaintiff also appears to argue that the statute of limitations was extended because Defendant's failure to disclose his medical records prevented him from discovering "his cause of action." Id.

Florida Statute § 95.11(4)(b) sets forth the statute of limitations for medical malpractice claims. It provides in pertinent part that "[a]n action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence." Id. An exception to this two year rule exists when the healthcare provider prevents "the discovery of the injury" through "fraud, concealment, or misrepresentation of fact." Id. Under these circumstances, the statute of limitations extends forward "2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence." Id.

Both of Plaintiff's arguments fail to overcome Defendant's statute of limitations defense. Plaintiff's first argument fails because his alleged injuries are "the loss of his right testicle, constant and continuous pain, as well as permanent scarring and numbness." See Amended Complaint, Dkt. #69, p.8. These injuries were not latent and inherently unknowable, and Plaintiff was not prevented from discovering them by Defendant's failure to provide him with his medical records.[1] Plaintiff's second argument fails because the unambiguous terms of the statute demonstrate that the statute of limitations is extended only when the healthcare provider's actions conceal the patient's injury, not the patient's cause of action. Plaintiff, therefore, is not entitled to the extension of the two year statute of limitations under the Florida statute because of the delay in receiving his medical records.

Since the undisputed facts demonstrate that Plaintiff's cause of action arose out of events occurring between October 27, 1999, and November 1, 1999, and Plaintiff failed to file his medical malpractice claim against Defendant by the end of January 2002, Plaintiff's claim should be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Adventist Health System/Sunbelt Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #70) is **GRANTED**.

---

[1] In addition to the nature of the injuries themselves, Plaintiff's claim that he did not discover the injuries until he received his medical records from Defendant is undermined by Plaintiff's own admission in his original complaint that he learned during his follow-up check-up that his "condition should not have progressed to the point that it did undiagnosed, and that the removal of the testicle should not have happened." See Plaintiff's Complaint, Dkt. #2, at ¶85. Similarly, Plaintiff's Notice of Intent to Initiate Litigation which was signed by Plaintiff before he received his medical records identified his injuries. See Plaintiff's Second Amended Complaint, Dkt. #69, Exhibit H.

2. The Clerk is directed to **TERMINATE** Defendant Adventist Health System/Sunbelt Inc. from this action.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2003\03-cv-2733 Motn Dismiss Med Mal SOL.wpd